## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

------------------------------------------------------------X
                                             :

MALIBU MEDIA, LLC,                           :

                                :      Civil Action No. <u>2:14-cv-00804</u>

                Plaintiff,          :

                                :

                vs.                :

                                :

JOHN DOE subscriber assigned IP address   :
74.135.102.93,                          

                                :

                Defendant.      :

                                :
------------------------------------------------------------X

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S UNOPPOSED MOTION TO PROCEED ANONYMOUSLY</u>

Plaintiff, Malibu Media, LLC ("Plaintiff"), does <u>*not*</u> object to allowing Defendant to proceed anonymously in this case.  However, Plaintiff objects to Defendant's various mischaracterizations of its copyright protection efforts and the instant lawsuit.  "Malibu [Media, LLC] is *not* what has been referred to in the media and legal publications, and in the internet blogosphere, as a 'copyright troll' . . . Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 780-81 (E.D. Pa. 2013).  The criticism levied against Plaintiff for its proactive stance against online copyright infringement through the BitTorrent file sharing network is unjustified and unwarranted.  "Many internet blogs commenting on this and related cases ignore the rights of copyright owners to sue for infringement, and inappropriately belittle efforts of copyright owners to seek injunctions and damages." *Id.* at 781.

1

Numerous courts throughout the country have expressly recognized that Plaintiff does not engage in improper litigation tactics. *See id.* at 788 (Plaintiff does not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users.") "[T]he Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. 2013). Other courts have also opined that the criticism Plaintiff receives is unwarranted. "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013). *See also Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).[1]

This case is not based on "unsubstantiated, vague claims of downloading[.]" Defendant's Motion, p. 3. Plaintiff has evidence that a computer using Defendant's IP address was used to download seventy-four (74) of Plaintiff's copyrighted works between December 13, 2013 and June 5, 2014. The timespan and quantity of infringing activity eliminates the possibility that the infringer was a short term guest or other unauthorized interloper using Defendant's internet. And, neither Plaintiff nor Plaintiff's investigator conducted an "illegal private investigation." *Id.*

---

[1] The only judges that have ever severely criticized Plaintiff's litigation did so *sua sponte* without giving Malibu Media the opportunity to explain its actions.

Plaintiff's investigator is a German company based in Germany that lawfully detected the infringement of Plaintiff's works.  The software and system used to detect the infringement has been independently tested and has been expressly found to be valid.  *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) ("Malibu [] expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid.")  *See also* Declaration of Patrick Paige, CM/ECF 2-3, at ¶ 38.

While Plaintiff does <u>not</u> object to allowing Defendant to proceed anonymously in this case, Plaintiff has a right to sue for infringement of its copyrighted works and litigates each case in good faith based upon substantial sound, unalterable evidence.

DATED: September 26, 2014.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Yousef M. Faroniya*
Yousef M Faroniya